IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. HESTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT, et al. | : | NO. 13-4249 |

MEMORANDUM

QUIÑONES ALEJANDRO, J.                      AUGUST 22, 2013

Plaintiff Robert C. Hester, an inmate at the Lehigh County Prison, filed this pro se civil action against fourteen defendants based on his allegations that they defamed him and maliciously prosecuted him. The Court will grant plaintiff leave to proceed in forma pauperis, but, for the following reasons, will dismiss his complaint without prejudice to his filing an amended complaint.

I.    **FACTS**

Plaintiff named the following individuals and entities as defendants in this lawsuit: (1) the Allentown Police Department; (2) Alpha Bail Bonds; (3) Brian D. Raybold, an employee of Alpha Bail Bonds; (4) the City of Allentown; (5) Assistant District Attorney Craig Sheetz; (6) Detective Andrew Hackman of the Allentown Police Department; (7) James B. Martin, the District Attorney of Lehigh County; (8) Kevin Amerman of the Morning Call Newspaper; (9) the Lehigh County District Attorney's Office;[1]

---

[1]Although the caption identifies this defendant as the "Lehigh County District Atty.," plaintiff identifies the "Lehigh County District Atty. Office" as a defendant elsewhere in his complaint. Accordingly, the Court understands plaintiff to be suing the District Attorney's Office in addition to the District

1

(10) Mayor Ed Polowski; (11) the Morning Call Newspaper; (12)
WFMZ 69 News; (13) 7 on your side - WABC; and (14) Judge Maria L.
Dantos of the Lehigh County Court of Common Pleas. He alleges
that, since November 28, 2012, the defendants "commited [sic]
defamation of character by causing all type of media coverage . .
. aimed at [him,]" which "caused injury to and destroyed his
reputation in the community and church." (Compl. ¶ II.D.) The
media coverage included "false statements . . . such as but not
limited to (dirty deacon, self made preacher, scam artist ect.
[sic]) which caused the breakdown of [his] reputation, family,
and ministry." (Id.)

    Plaintiff also alleges that Detective Hackman, ADA Sheetz,
and the Lehigh County District Attorney's office maliciously
prosecuted him by initiating criminal charges against him.
Plaintiff believes that the unspecified "matter(s)" in which he
was involved should have been handled civilly, rather than
criminally. (Id.) He contends that Judge Dantos was in cahoots
with the prosecution because she sentenced him outside of the
applicable sentencing guidelines. In that regard, plaintiff
appears to be referring to several criminal proceedings in the
Lehigh County Court of Common Pleas, presided over by Judge
Dantos, in which he pled guilty to passing bad checks. See CP-
39-CR-0005852-2012; CP-39-CR-0005532-2012; CP-39-CR-5509-2012.
Based on the above, plaintiff initiated this lawsuit, seeking
millions of dollars for the damage to his reputation and for the

Attorney.

2

time he spent in prison. The Court understands plaintiff to be asserting a Fourth Amendment claim for malicious prosecution and a due process claim based on damage to his reputation, pursuant to 42 U.S.C. § 1983, as well as related state law claims.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. ANALYSIS

"[A] suit under § 1983 requires the wrongdoers to have

3

violated federal rights of the plaintiff, and that they did so while acting under color of state law." See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Here, six of the defendants - Alpha Bail Bonds, Brian Raybold, Kevin Amerman, the Morning Call Newspaper, WFMZ 69 News, and 7 on your side WABC - do not appear to be state actors. Additionally, the Allentown Police Department and the Lehigh County District Attorney's Office are not independent entities susceptible to suit under § 1983. See Knauss v. U.S. Dep't of Justice, Civ. A. No. 10-2636, 2012 WL 176685, at *4 (E.D. Pa. Jan. 20, 2012) ("[A] district attorney's office is not an 'entity' for purposes of § 1983 . . . ."); DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) ("[P]olice departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."). In any event, nothing in the complaint suggests that the alleged violation of plaintiff's rights stemmed from a municipal policy or custom so as to support a plausible § 1983 claim against the City of Allentown, Lehigh County, or any other municipal defendant. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

Plaintiff's § 1983 claims against the remaining defendants fail for several reasons. He has not stated a malicious prosecution claim because, despite alluding to criminal proceedings, he has not alleged that those proceedings ended in his favor, that the proceedings were initiated without probable

4

cause, or that the defendants acted maliciously or for a purpose other than bringing him to justice.[2] See Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). Instead, the complaint simply asserts that plaintiff would have preferred that his conduct be handled civilly rather than criminally. In any event, absolute prosecutorial immunity bars plaintiff's claims against the District Attorney and Assistant District Attorney Scheetz based on their decision to initiate criminal proceedings against him. See Imbler v. Pactman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983."). Likewise, absolute judicial immunity precludes plaintiff's claims against Judge Dantos based on the manner in which she handled his criminal cases. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.").

---

[2] The dockets for the state criminal cases cited above reflect that, in each proceeding, plaintiff pled guilty to one charge and that several other charges were withdrawn. For purposes of a malicious prosecution claim, "favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009) (en banc). To satisfy the favorable termination element, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused." Id. at 187. Furthermore, in light of plaintiff's guilty pleas, his malicious prosecution claims are barred to the extent that success on those claims would necessarily render his convictions invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

5

Plaintiff's constitutional claims based on the allegedly defamatory comments that caused damage to his reputation also fail. Defamation is not actionable under § 1983 unless a plaintiff can "show a stigma to his reputation plus deprivation of some additional right or interest." Dee v. Borough of Dunmore, 549 F.3d 225, 233-34 (3d Cir. 2008) (quotations omitted). Outside the public employment context, this standard generally requires an allegation that the defamation was "coupled with an alteration in legal status." Brown v. Montoya, 662 F.3d 1152, 1167 (10th Cir. 2011) (citing Paul v. Davis, 424 U.S. 693 (1976)); Behrens v. Regier, 422 F.3d 1255, 1260 (11th Cir. 2005). Here, plaintiff alleges damage to his reputation and related damage to his family and ministry. Those allegations do not establish the violation of a constitutional right or alteration of plaintiff's legal status so as to satisfy the "stigma-plus" test.[3] See Siegert v. Gilley, 500 U.S. 226, 234 (1991) ("[S]o long as [the alleged] damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [civil rights] action."); Cooley v. Barber, No. 07-3327, 2007 WL 2900550, at *1 (3d Cir. Oct. 4, 2007) (per curiam) (alleged loss

---

[3] As with plaintiff's malicious prosecution claims, Judge Dantos is absolutely immune from liability for any allegedly defamatory statements made in her judicial capacity while presiding over plaintiff's case. Similarly, the District Attorney and Assistant District Attorney Scheetz are entitled to absolute prosecutorial immunity for allegedly defamatory statements made while advocating for the State in the course of judicial proceedings.

6

of private employment due to publication of allegedly defamatory statements concerning crimes of which plaintiff was acquitted did not satisfy stigma-plus test).

To the extent plaintiff sought to bring claims under state law, it is unclear whether diversity jurisdiction exists over those claims under 28 U.S.C. § 1332.[4] Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). As the complaint does not allege the citizenship of the parties, it is not clear whether the Court has subject matter jurisdiction over plaintiff's remaining claims.

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, plaintiff will be given leave to file an amended complaint in the event that he can state a claim within the Court's jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint without prejudice to plaintiff's filing an amended

---

[4] Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, 28 U.S.C. § 1332 provides the only independent basis for subject matter jurisdiction.

complaint. An appropriate order follows.